UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Shields, #193372, | ) | C/A No. 0:05-1173-PMD-BM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Spartanburg County; FNU Vasquez, Officer; and Medical Staff, | ) ) ) ) | |
| Defendants. | ) ) | |

    The above-captioned case is subject to summary dismissal under the Prison Litigation Reform Act, which includes 28 U.S.C. § 1915A. Since the above-captioned case is subject to summary dismissal, it is not necessary for this court to consider any issues relating to payment of the filing fee in installments. *See* Misc. No. 4:96-MC38-2 (D.S.C., June 20, 1996).

    The Office of the Clerk of Court is directed *not* to authorize the issuance and service of process in the above-captioned case, unless it (the Office of the Clerk of Court) is instructed by a United States District Judge or a Senior United States District Judge to do so. The Office of the Clerk of Court may file the pleadings as of the date they are received for docketing.[1]

    For the plaintiff's future reference, if the plaintiff wants copies of items that he files with the Clerk of Court returned to him, he (the plaintiff) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope. In all future filings with this Court, the plaintiff/petitioner is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.[2] The plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted. The plaintiff will strictly comply with requirements for "short and plain" statements of claims and defenses in all pleadings under Rule 8 Federal Rules of Civil Procedure (Fed. R. Civ. P.) as well as the requirements for "concise summary," "concise statement" and "brevity" set forth in Local Civil Rule 7.05 of the United States District Court for the District of South Carolina.

---

  [1] In the event that a limitations issue arises in the above-captioned case, the plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). The Houston v. Lack "delivery" date in the above-captioned case is April 15, 2005.

  [2] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this Court has implemented Electronic Case Filing (ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

### TO THE PLAINTIFF:

You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address. Hence, the Office of the Clerk of Court shall *not* enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this court, and the attorney has entered an appearance.

(Standard change of address order, which is to be issued in all *pro se* cases.)

IT IS SO ORDERED.

s/ BRISTOW MARCHANT
Bristow Marchant
United States Magistrate Judge

April 29, 2005
Columbia, South Carolina